FILED
06 SEP -8 AM 9:05
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HAMILTON SOUTHWORTH, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>SPRINT NEXTEL CORPORATION, a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 06cv1301- LAB (BLM)<br><br>**ORDER (1) VACATING TELEPHONIC CASE MANAGEMENT CONFERENCE, AND (2) REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>(Fed. R. Civ. P. 16)<br>(Local Rule 16.1)<br>(Fed. R. Civ. P. 26) |
|---|---|

On September 5, 2006, Michael Padilla, counsel for Plaintiff, lodged in Chambers a written request to continue the telephonic Case Management Conference currently scheduled for September 8, 2006 at 9:15 a.m. due to a scheduling conflict. Counsel represented that opposing counsel does not object to the requested continuance.

After reviewing the Joint Discovery Plan submitted by the parties, and given Plaintiff's counsel's unavailability, the Court finds it inappropriate to convene a telephonic Case Management Conference at this time. Accordingly, the telephonic Case Management Conference set for September 8, 2006 at 9:15 a.m. is hereby vacated.

Good cause appearing,

1  **IT IS HEREBY ORDERED:**

2  1. Any motion to join other parties, to amend the pleadings, or
3  to file additional pleadings shall be **filed** on or before **October 9,**
4  **2006**.

5  2. Any class certification motion shall be **filed** on or before
6  **January 5, 2007**.

7  3. The parties shall designate their respective case-in-chief
8  experts in writing on or before **March 16, 2007**. Rebuttal experts shall
9  be designated on or before **March 30, 2007**. The written designations
10 shall include the name, address, and telephone number of the expert and
11 a reasonable summary of the testimony the expert is expected to provide.
12 The list shall also include the normal rates the expert charges for
13 deposition and trial testimony.

14 4. Each expert witness designated by a party shall prepare a
15 written report to be provided to all other parties **no later than April**
16 **13, 2007**, containing the information required by Fed. R. Civ. P.
17 26(a)(2)(A) and (B).

18 5. Any party, through any expert designated, shall in accordance
19 with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement
20 any of its expert reports regarding evidence intended solely to
21 contradict or rebut evidence on the same subject matter identified in
22 an expert report submitted by another party. Any such supplemental
23 reports are due on or before **May 14, 2007.**

24 **Please be advised that failure to comply with expert discovery or**
25 **any other discovery order of the court may result in the sanctions**
26 **provided for in Fed. R. Civ. P. 37 including a prohibition on the**
27 **introduction of experts or other designated matters in evidence.**

28 6. All discovery, including expert discovery, shall be completed

1 by all parties on or before **June 1, 2007**. "Completed" means that all
2 discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and
3 discovery subpoenas under Rule 45, must be initiated a sufficient period
4 of time in advance of the cut-off date, <u>so that it may be completed by
5 the cut-off date</u>, taking into account the times for service, notice, and
6 response as set forth in the Federal Rules of Civil Procedure.
7        Counsel shall promptly and in good faith meet and confer with
8 regard to all discovery disputes in compliance with Civil Local Rules
9 16.5(k) and 26.1(a). **<u>All discovery motions shall be filed within thirty
10 (30) days after counsel have met and conferred and reached an impasse
11 with regard to any particular discovery issue, but in no event shall
12 discovery motions be filed more than sixty (60) days after the date upon
13 which the event giving rise to the discovery dispute occurred.</u>** For oral
14 discovery, the event giving rise to the discovery dispute is the
15 completion of the transcript of the affected portion of the deposition.
16 For written discovery, the event giving rise to the discovery dispute
17 is either the service of the response, or, if no response was served,
18 the initial date the response was due. **<u>In addition, all discovery
19 motions must be filed within thirty (30) days after the close of
20 discovery.</u>**
21        7.   All other pretrial motions must be filed on or before **July 6,
22 2007**. Motions will not be heard or calendared unless counsel for the
23 moving party has obtained a motion hearing date from the law clerk of
24 the judge who will hear the motion. Failure to timely request a motion
25 date may result in the motion not being heard. <u>Motions will not be
26 heard unless you have obtained a date from the judge's law clerk</u>.
27        Briefs or memoranda in support of or in opposition to any pending
28 motion shall not exceed twenty-five (25) pages in length without leave

of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

    8. A Mandatory Settlement Conference shall be conducted on **February 5, 2007** at **9:30 a.m.** in the chambers of Magistrate Judge Barbara L. Major located at **940 Front Street, Suite 5140, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for extraordinary circumstances shall be made in writing** at least seventy-two (72) **hours prior to the conference.** Failure to appear **in person** at the Mandatory Settlement Conference will be grounds for sanctions.

    b. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full

settlement authority[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

c.   **Confidential Settlement Statements Required**: No later than **January 29, 2007**, the parties shall submit directly to Magistrate Judge Major's chambers confidential settlement statements no more than five (5) pages in length. **These confidential statements shall not be filed or served on opposing counsel.** Each party's confidential statement must include the following:

(i)   A brief description of the case, the claims and/or

---

[1]   "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. See <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

      (ii) A specific and current demand or offer for settlement addressing all relief or remedies sought. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

      (iii) A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

    d. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written ex parte application**. The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint motion confirming the complete settlement of the case is submitted no less than twenty-four (24) hours before the scheduled conference.**

9. Counsel shall make their Pretrial Disclosures required by Fed. R. Civ. P. 26(a)(3) on or before **October 15, 2007**.

10. Counsel may object to Pretrial Disclosures on or before **October 29, 2007**.

11. Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b). The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the Honorable Larry A. Burns.

12. On or before **October 22, 2007**, counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4).

13. The Proposed Final Pretrial Conference Order shall be prepared, served, and lodged with the Honorable Larry A. Burns on or before the time and date specified by Civil Local Rule 16.1(f)(6)(b).

14. The final Pretrial Conference is scheduled on the calendar of the Honorable Larry A. Burns on **November 5, 2007** at **11:15 a.m.**

15. A post-trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Plaintiff's(s') counsel shall serve a copy of this order and the Standing Order in Civil Cases issued by the Honorable Larry A. Burns on all parties that enter this case hereafter.

Dated: 9/7/06

BARBARA L. MAJOR
United States Magistrate Judge

1  COPY TO:

2  HONORABLE LARRY A. BURNS
   UNITED STATES DISTRICT JUDGE
3
   ALL COUNSEL
4