```
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Dominic Surprenant (Bar No. 165861)
  dominicsurprenant@quinnemanuel.com
  John S. Purcell (Bar No. 158969)
  johnpurcell@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant
Sprint Nextel Corporation
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMILTON SOUTHWORTH, on Behalf of Himself and all Others Similarly Situated,<br><br>   Plaintiff,<br><br> vs.<br><br>SPRINT NEXTEL CORPORATION., a Delaware Corporation; and DOES 1 to 10, inclusive,<br><br>   Defendants. | CASE NO. 06 CV 1301 R BLM<br><br>**STIPULATED DISMISSAL AND SETTLEMENT AGREEMENT** |

## NOTICE OF STIPULATED DISMISSAL WITH PREJUDICE

Plaintiff Hamilton Southworth ("Plaintiff") and Defendant Sprint Nextel Corporation ("Defendant" or "Sprint Nextel") having settled all claims in the above-referenced matter, hereby jointly stipulate to the dismissal with prejudice of all claims such that this action is dismissed with prejudice in its entirety. Each party shall bear its own attorneys' fees and costs.

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims ("Agreement") is entered into by and between Hamilton Southworth ("Plaintiff), on the one hand, and Sprint Nextel Corporation. ("Sprint Nextel"), on the other hand (each a "Party," and collectively referred to as the "Parties") as of February 7, 2007 (the "Effective Date").

## RECITALS

A.  In 2006, Plaintiff filed a complaint (the "Complaint") against Sprint Nextel in the case entitled <u>Hamilton Southworth, Individually and on Behalf of All Others Similarly Situated vs. Sprint Nextel</u> in the United States District Court for the Southern District of California, Case No. 06 CV 1301 R BLM (the "Action").

B.  Sprint Nextel denies all allegations or assertions that its conduct was in any way illegal or improper, and Sprint Nextel continues to deny any liability or wrongdoing.

C.  The Parties desire to fully and finally resolve the issues alleged and/or otherwise at issue in this Action.

D.  The Parties desire to enter into this Agreement in order to settle and discharge all claims which have been the subject of the Action between them upon the terms and conditions set forth herein.

## AGREEMENT

In consideration of the recitals, covenants and conditions contained in this Agreement, and for consideration, including the mutual releases of each other, the Parties agree as follows:

1. **Payment by Sprint Nextel to Plaintiff**

On or before March 5, 2007, Sprint Nextel shall pay Plaintiff Hamilton Southworth $200 to resolve all claims asserted in, arising from or related to the facts and circumstances alleged in the Action. He is the only member of the proposed class the Parties could identify.

2. **Payment by Sprint Nextel to Plaintiff's Counsel**

On or before March 5, 2007, Sprint Nextel agrees to pay $2,000.00 to Plaintiff's counsel to resolve all claims for legal fees and costs asserted in, arising from or related to the facts and circumstances alleged in the Action.

3. **Dismissal of the Action**

In return for the payments in paragraphs 1 and 2, and for other consideration as described in this Agreement, Plaintiff agrees to voluntarily dismiss the Action with prejudice by no later than February 15, 2007.

4. **Plaintiff's Payment of His Costs And Attorney's Fees**

Other than the payment in paragraphs 1 and 2, Plaintiff and his counsel hereby forever waive, release, and discharge on behalf of themselves and their agents, employees, successors, predecessors, assigns, representatives, partners and attorneys, any right to seek or recover from Sprint Nextel, or its past and present officers, directors, shareholders, employees, parent companies, sister companies, predecessor, successor and related companies, subsidiaries, affiliates, agents or attorneys, any damages, costs, or attorney's fees, or any other relief, in connection with or in relation to the facts alleged and claims asserted in, or the prosecution, resolution and settlement of the Action.

5. <u>Sprint Nextel's Payment of Its Costs And Attorney's Fees</u>

Sprint Nextel hereby forever waives, releases, and discharges any right to seek or recover from Plaintiff or his attorneys any damages, costs, or attorney's fees, or any other relief, in connection with the prosecution, defense, resolution and settlement of the Action.

6. <u>Future Litigation</u>

Plaintiff agrees, on behalf of himself and his agents, employees, successors, predecessors, assigns, representatives, partners and attorneys, not to pursue future litigation against Sprint Nextel, or its past and present officers, directors, shareholders, employees, parent companies, sister companies, subsidiaries, affiliates, entities, agents or attorneys arising from or related to the facts and circumstances alleged in the Complaint, including but not limited to early termination fees.

7. <u>Mutual Release</u>

Plaintiff, on behalf of himself and his agents, employees, successors, predecessors, assigns, representatives, partners and attorneys, satisfies and discharges Sprint Nextel and Sprint Nextel's agents, current or former officers, directors, employees, shareholders, successors, assigns, predecessors, attorneys, direct and indirect parent companies, sister companies, subsidiaries, affiliates (including, but not limited to Sprint Nextel Corporation, Sprint Nextel Communications Company, L.P., WirelessCo, L.P., Sprint NextelCom, Inc., and Nextel Communications, Inc.), partners, independent contractors, associates, representatives, and accountants from any claim, cause of action, counterclaim, defenses, offset, charge, obligation and demand of any nature whatsoever arising from or related to the facts and circumstances alleged in the Action, from the beginning of the world to today.

1       Sprint Nextel, on behalf of itself and its agents, employees, successors, predecessors, assigns, current or former officers, directors, partners, shareholders, direct and indirect parent companies, sister companies, subsidiaries, affiliates, independent contractors, associates, representatives, employees, attorneys, and accountants, satisfies and discharges Plaintiff and Plaintiff's agents, successors, assigns, predecessors, attorneys, partners and representatives from any claim, cause of action, counterclaim, defenses, offset, charge, obligation and demand of any nature whatsoever arising from or related to the facts and circumstances alleged in the Action.

      Nothing in this Settlement Agreement releases the Parties from any obligations under the terms of this Settlement Agreement.

### 8. Advice Of Counsel

      Each Party represents that it has been advised of the effect of this Agreement by its own attorney, has investigated the facts and is not relying upon any representation or acknowledgment, whether oral or in writing, of any other party except as contained herein.

### 9. Representations

      Each of the Parties warrants and represents that it has the power and authority to enter into this Agreement. Each of the Parties warrants and represents that, with regard to the claims subject to the mutual release set forth in paragraph 7, above, the releasing Party has no knowledge of, or reason to suspect, any liens or claims, of any kind, of any third party that are asserted against, or that could be, or might be, asserted against, any of the claims subject to the mutual release set forth in paragraph 7, above.

10. <u>Further Assurances</u>

The Parties agree to perform such acts and to prepare, execute, and file any documents or stipulations reasonably required to perform the covenants contained herein, to satisfy the conditions contained herein, or to give full force and effect to this Agreement.

11. <u>Successors And Third Parties</u>

Each covenant, including the releases, set forth in this Agreement shall inure to the benefit of and be binding upon the Parties to this Agreement and their respective owners, members, shareholders, heirs, successors, assigns, attorneys, agents, employees, representatives (past and present), officers, directors, parent companies, sister companies, subsidiaries, and affiliates, and each of them. Further, the releases of the persons and entities who are not signatories to this Agreement are made expressly for their benefit, and they shall be deemed third party beneficiaries of this Agreement and the Mutual Release contained herein.

12. <u>Confidentiality</u>

Plaintiff and his counsel agree they will not publicize this settlement via the internet, television, print, radio or any other media.

13. <u>Effect Of Captions</u>

Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of text.

14. <u>Governing Law</u>

This Agreement shall be construed in accordance with and governed by the State of California, regardless of where executed or performed. If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision

1  shall be construed and amended in a manner which would permit its enforcement,
2  but in no event shall such provision affect, impair, or invalidate any other provision
3  hereof.
4
5   15.  Venue
6      Any action to enforce the terms hereof or involving this Agreement
7  shall be filed in the San Diego County Superior Court.
8
9   16.  Admissions
10      This Agreement is intended to be in compromise and settlement of
11 disputed and unliquidated claims. Nothing herein shall constitute or be asserted as
12 constituting any admission of liability or wrongdoing by or against any Party.
13
14   17.  Counterparts
15      This Agreement may be signed in one or more counterparts, each of
16 which shall be deemed an original. This Agreement shall be deemed fully executed
17 and effective when all Parties have executed at least one of the counterparts, even
18 though no single counterpart bears all such signatures. The Parties shall supply each
19 other with original counterpart signatures within 5 days of facsimile execution of the
20 Agreement.
21
22   18.  Entire Understanding
23      This Agreement contains the entire understanding of the Parties relating
24 to the subject matter contained herein. Each Party acknowledges that no
25 representations, inducements, promises or agreements, oral or written, with
26 reference to the subject matter hereto have been made other than as expressly set
27 forth herein. This Agreement cannot be changed, rescinded or terminated orally.
28

Any change to this agreement must be in writing and signed by the party to be charged.

19. Assignment Of Rights

Each of the Parties warrants and represents to the other that it is the sole owner of the claims herein released. The Parties further represent and warrant that, except as set forth herein, they have not heretofore assigned or transferred, or purported to have assigned or transferred, to any firm, corporation or person whatsoever, any property, real property, note, claim, debt, liability, demand, obligation, cost, expense, action or cause of action herein released, conveyed or assigned. The Parties agree to indemnify and hold harmless the respective Parties being released hereby against any claim, debt, liability, demand, obligation, costs, expense, action or cause of action based on arising out of or in connection with any such transfer or assignment or purported transfer or assignment.

20. Construction

Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved in favor of or against Sprint Nextel or Plaintiff, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by all Parties and their counsel, and shall be construed and interpreted according to the ordinary meaning of the words so as to accomplish fairly the purposes and intentions of all Parties.

1   IN WITNESS WHEREOF, the Parties have executed this Settlement
2   Agreement dated February 5, 2007 as indicated below.
3
4   DATED:_____, 2007          HAMILTON SOUTHWORTH
5
6                                      _____
7   DATED: February 7, 2007            SPRINT NEXTEL CORPORATION
8
9                                      By: *Elizabeth F. Simon*
10                                     By: *Counsel*
11
12  APPROVED SETTLEMENT AGREEMENT OF _____, 2007 AS TO FORM
13  AND CONTENT:
14  DATED:_____, 2007          O'MARA & PADILLA
15
16                                     By: Michael Padilla
17                                         Attorneys for Plaintiff
                                           Hamilton Southworth
18
    APPROVED SETTLEMENT AGREEMENT OF _____, 2007 AS TO FORM
19
    AND CONTENT:
20
    DATED: 2/28, 2007                  QUINN EMANUEL URQUHART
21                                     OLIVER & HEDGES LLP
22
23                                     By: John S. Purcell
                                           Attorneys for Defendant
24                                         Sprint Nextel Corporation
25
26
27
28

03-01-2007  11:03am  From-QUINN EMANUEL           2136240643         T-081  P.01/012  F-067
                                858 720 9797 -> JetFax ME     Page 2
Received:  2/28/07 11:50A
02/28/2007  12:33   858-720-9797          O'MARA & PADILLA                      PAGE  02

```
 1        IN WITNESS WHEREOF, the Parties have executed this Settlement
 2   Agreement dated February 7, 2007 as indicated below.
 3
 4   DATED: Feb 20    , 2007          HAMILTON SOUTHWORTH
 5                                    /s/ Hamilton Southworth
 6
 7   DATED: _____, 2007          SPRINT NEXTEL CORPORATION
 8
 9                                    By: _____
10
                                      By: _____
11
12   APPROVED SETTLEMENT AGREEMENT OF _____, 2007 AS TO FORM
13   AND CONTENT:
14   DATED: Feb. 8   , 2007           O'MARA & PADILLA
15
16                                    By: /s/ Michael Padilla
                                          Michael Padilla
17                                        Attorneys for Plaintiff
                                          Hamilton Southworth
18
     APPROVED SETTLEMENT AGREEMENT OF _____, 2007 AS TO FORM
19
     AND CONTENT:
20
     DATED: 2/22   , 2007             QUINN EMANUEL URQUHART
21                                    OLIVER & HEDGES LLP
22
23                                    By: /s/ John S. Purcell
                                          Attorneys for Defendant
24                                        Sprint Nextel Corporation
25   IT IS SO ORDERED
     DATED  3-8-07
26
     /s/ Larry A. Burns
27
     UNITED STATES DISTRICT JUDGE
28
```

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On March 1, 2007, I served true copies of the following document(s) described as **STIPULATED DISMISSAL AND SETTLEMENT AGREEMENT** on the parties in this action as follows:

Michael D. Padilla
Nicolas Montes
O'Mara & Padilla
12770 High Bluff Drive, Suite 200
San Diego, CA 92130

**BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2007, at Los Angeles, California.

*Monette Stevenson*
Monette Stevenson

20191/2068254.1